## 20472

In re ESTATE of Beverly E. Howard.
THE CITIZENS and SOUTHERN NATIONAL BANK of South Carolina, as Trustee U/W of Beverly E. Howard, Respondent, v. Arden B. HOWARD ex parte, Appellant.
(236 S. E. (2d) 423)

*Dobson and Dobson,* of Greenville, *for Appellant,*

*Buist, Moore, Smythe and McGee,* of Charleston, *for Respondent,*

July 19, 1977.

Per Curiam:

This appeal is from an order of the lower court interpreting the trust provisions of the will of Beverly E. Howard, deceased, with particular reference to the extent of the authority granted to the trustee to invade the corpus of the trust. The order under appeal properly disposes of the issues and it will be reported as the judgment of the Court.

## ORDER

This matter is before the court upon a petition of The Citizens and Southern National Bank of South Carolina, as Trustee under the Will of Beverly E. Howard, for ininstructions as to the proper interpretation of the will of decedent, with specific reference to the authority of the Trustee to make invasions of principal upon the request of the widow of the testator. The request immediately under consideration is for the release to her of certain assets of a trust, created by Item IV of the Will, for the purpose of making gifts of such assets to her children, from which certain tax advantages would flow to the entire family upon the death of the widow.

The language of the will that governs the right to invade the corpus by the Trustee is found in paragraph (e) of Item IV, which reads as follows:

I will and direct that my Trustee shall have the right during the lifetime of my said wife to encroach on the corpus of Trust One in such amounts and at such times as in the absolute discretion of my Trustee shall be appropriate and to the best interest of my wife, and to pay amounts so taken from the corpus to or for the benefit of my said wife. In determining whether or not to make these encroachments, my Trustee shall be liberal if it considers that an actual need or reasonable request of my said wife is involved. On the other hand, it is not my desire that encroachments on principal be made for the purpose of providing my said wife an exceptionally high and exorbitant standard of living, since it is my belief that an individual should, wherever possible, plan to meet his normal living expenses with income and that the mere availability of funds does not justify waste or imprudent spending. I wish to reiterate, however, that my Trustee's judgment shall conclusively determine when principal shall or shall not be utilized, and no one shall have any right to dictate to my Trustee in the exercise of its independent judgment.

The issue presented by the petition is whether or not it is consistent with the intention of the testator, as gathered from the foregoing language of the will, for the Trustee to invade the corpus of the trust for such a purpose as that above described.

The purpose of the widow in requesting the invasion in order to make a present gift to her children is laudable, and it is argued that it involves a "reasonable request of my said wife" as set out in the language quoted above from the will. It is nevertheless the opinion of the court that the testator created the trust for the protection and security of his wife, and that the authority to invade corpus found in the phrase "an actual need or reasonable request of my said wife" is limited to some reasonable use of the money to be made by the wife for her own welfare. If a gift to her children were to be considered a reasonable request, would not a gift of charity be equally reasonable? At what point would the Trustee be justified in deciding that a laudable purpose was not a reasonable request?

It is the duty of the Trustee, and of this Court, when called upon for instructions, to seek to carry out the intent of the testator as expressed in the will. It is the conclusion of the Court, based upon all of the language in the will, including that quoted above from paragraph (e) of Item IV, that it was not the intention of the testator that the trust corpus should be dissipated for the purpose of gifts being made by the widow, or for other similar desires on her part, however praiseworthy and generous they might be. It is the duty of the Trustee to conserve the corpus for the protection and security of the widow, subject to such actual needs or reasonable requests for the benefit of the widow as may fall within the terms of the will as here interpreted.